# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DENISE ROBINSON,**

      **Plaintiff,**

v.                                                     Case No: 6:17-cv-1619-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

___

## MEMORANDUM OF DECISION

Denise Robinson (Claimant) appeals the Commissioner of Social Security's final decision denying her applications for disability benefits. Doc. 1. Claimant raises several arguments challenging the Commissioner's final decision and, based on those arguments, requests that the matter be reversed and remanded for further proceedings. Doc. 19 at 11-17, 20. The Commissioner argues that the ALJ committed no legal error and that her decision is supported by substantial evidence and should be affirmed. *Id*. at 14-15, 17-20. Upon review, the Court finds that the Commissioner's final decision is due to be **AFFIRMED**.

**I.    Procedural History**

This case stems from Claimant's applications for disability insurance benefits and supplement security income. R. 253-60. Claimant alleged a disability onset date of January 19, 2013. R. 255. Claimant's applications were denied on initial review and on reconsideration. The matter then proceeded before an ALJ. On July 18, 2016, the ALJ entered a decision denying Claimant's applications for disability benefits. R. 22-34. Claimant requested review of the ALJ's decision, and the Appeals Council denied her request for review. R. 1-3. This appeal followed.

## II. The ALJ's Decision

The ALJ found that Claimant suffered from the following severe impairments: history of cerebral infarction with residual limitations; organic mental disorders; affective disorder; anxiety related disorder; and history of substance addiction disorders. R. 24. In addition, the ALJ found that Claimant suffered from a non-severe impartment of mild osteopenia of the right foot. *Id*. The ALJ, however, determined that none of the foregoing impairments, individually or in combination, met or medically equaled any listed impairment. R. 25-26.

The ALJ found that Claimant has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567 and 416.967[1] with the following specific limitations:

> [The claimant can lift/carry] up to 10 pounds occasionally; sit[ ] about eight hours in an eight hour workday; stand[ ] and walk[ ] about four hours each in an eight hour workday; no more than two hours of standing/walking at one time; no more than frequent right upper extremity ("RUE") reaching, climbing ramps/stairs, balancing, stooping, kneeling, crouching, crawling; no more than occasional RUE handling, fingering, feeling and pushing/pulling, right lower extremity ("RLE") operation of foot controls, climbing ramps/stairs, balancing, and stooping; no kneeling, crouching, crawling, climbing of ladders, ropes and scaffolds; no more than simple, routine, repetitive tasks; no exposure to unprotected heights, moving mechanical parts; no operation of a motor vehicle; and no more than occasional exposure to humidity, wetness, dust, fumes, odors, gases, poor ventilation, extreme heat/cold, and vibrations.

R. 26. In light of this RFC, the ALJ found that Claimant is unable to perform her past relevant work. R. 32. However, the ALJ found that Claimant is able to perform other work in the national economy, including egg candler, marker, and blade balancer. R. 33-34. Thus, the ALJ concluded

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b).

that Claimant was not disabled between her alleged onset date, January 19, 2013, through the date of the ALJ's decision, July 18, 2016. R. 34.

## III.  Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.  Analysis

Claimant raises the following assignments of error: 1) the ALJ failed to account for all of the limitations in Dr. Jonas Trinidad's opinion; and 2) the ALJ erred in finding Claimant's testimony concerning her pain and limitations not entirely credible. Doc. 19 at 11-17. The Court will address each assignment of error in turn.

### A. Dr. Trinidad's Opinion

Claimant notes that the ALJ assigned great weight to Dr. Trinidad's opinion but the ALJ failed to include or account for all of the limitations contained within Dr. Trinidad's opinion. Doc. 19 at 12-13. Specifically, Claimant argues that the ALJ failed to include or adequately account for Dr. Trinidad's opinion that Claimant has moderate limitations in understanding and remembering simple instructions, carrying out simple instructions, and making judgments on simple work-related decisions. *Id*. at 13-14. Therefore, Claimant argues that the ALJ's decision is not supported by substantial evidence. *Id*. at 14.

The Commissioner argues that the ALJ's decision to limit Claimant to "no more than simple, routine, repetitive tasks" adequately accounts for Dr. Trinidad's opinion that Claimant has moderate limitations in understanding and remembering simple instructions, carrying out simple instructions, and making judgments on simple work-related decisions. *Id*. at 14-15. Therefore, the Commissioner argues that the ALJ's decision to limit Claimant to simple, routine, and repetitive tasks is supported by substantial evidence. *Id*. at 15.

The ALJ assesses the claimant's RFC and ability to perform past relevant work at step four of the sequential evaluation process. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. The ALJ is responsible for determining the claimant's RFC, 20 C.F.R. §§ 404.1546(c), 416.946(c), which requires the ALJ to consider all relevant evidence, including, but not limited to, the medical opinions of treating,

examining and non-examining medical sources. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).[2]

On September 21, 2015, Claimant underwent a one-time psychological evaluation by Dr. Trinidad. R. 558-61. In connection with the evaluation, Dr. Trinidad completed a form entitled "Medical Source Statement of Ability to do Work-Related Activities (Mental)" (the Assessment). R. 562-64. In the Assessment, Dr. Trinidad opined, in relevant part, that Claimant has "moderate" limitations in his ability to "[u]nderstand and remember simple instructions," [c]arry out simple instructions," and "make judgments on simple work-related decisions." R. 562. The form defined a moderate limitation as being "more than a slight limitation in [an] area but the individual is still able to function satisfactorily." *Id*.

The ALJ considered Dr. Trinidad's evaluation and assigned his opinion "great weight" because it was consistent with the "overall objective evidence." R. 30. In addition, based on Dr. Trinidad's opinion, the ALJ found that Claimant has the RFC to perform, among other things, "no more than simple, routine, repetitive tasks[.]" R. 26, 30.

Claimant argues that a "limitation to 'simple, routine, repetitive tasks' does not account for Dr. Trinidad's opinion that [Claimant] is moderately limited in her ability to understand, remember, and carry out simple instructions." Doc. 19 at 13. In support, Claimant relies on an out-of-circuit decision, *Hampton v. Colvin*, 2015 WL 1409034 (D. Or. Mar. 26, 2015)). *Id*. In *Hampton*, a one-time examining physician found that the claimant was moderately limited in his ability to "understand, remember, and carry out very short and simple instructions." *Hampton*, 2015 WL 1409034, at *3. The ALJ found this opinion was "generally consistent" with the medical

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

evidence of record. *Id*. As a result, the ALJ found that the claimant had the ability to "learn[ ], remember[ ] and perform[ ] simple, routine and repetitive work tasks involving simple work instructions[.]" *Id*. at *2 On appeal, the claimant argued that this finding did not adequately account for the examining physician's opinion that the claimant was moderately limited in his ability to "understand, remember, and carry out very short and simple instructions." *Id*. at *4. In response, the Commissioner argued that the ALJ's finding was sufficient to account for the examining physician's opinion. *Id*. The district court, however, found that the ALJ's determination that the claimant could learn, remember, and perform simple, routine, and repetitive tasks did not adequately account for the examining physician's opinion that the claimant was moderately limited in his ability to "understand, remember, and carry out very short and simple instructions." *Id*. at *6. Thus, the district court remanded the case to the Commissioner for further proceedings. *Id*. at *8.

This case is distinguishable from *Hampton*. In this case, like *Hampton*, the examining physician opined that Claimant had moderate limitations in her ability to understand, remember, and carry out simple instructions. *Compare* R. 562, *with Hampton*, 2015 WL 1409034, at *3. The form that Dr. Trinidad completed defined a moderate limitation as being "more than a slight limitation in [an] area but the individual is still able to function satisfactorily." R. 562. In contrast, the examining physician in *Hampton* defined a moderate limitation as one "that would 'seriously interfere' with the person's ability to perform the activity on a regular and sustained basis[.]" *Hampton*, 2015 WL 1409034, at *9. This definition explains the district court's decision in *Hampton* and also distinguishes the present case from *Hampton*. Therefore, the Court finds that *Hampton* does not support Claimant's argument challenging the ALJ's decision to limit Claimant to simple, routine, and repetitive tasks.

Instead, the Court finds the decision in *Murphy v. Commissioner of Social Security* to be instructive. *Id*, Case No. 6:12-cv-451-Orl-31TBS, 2013 WL 4494122 (M.D. Fla. Aug. 19, 2013). In *Murphy*, a one-time examining physician completed a mental RFC form, which defined a moderate limitation as there being "more than a slight limitation in [an] area but the individual is still able to function satisfactorily." *Id*. at *2. The examining physician opined, in relevant part, that the claimant had moderate limitations in his ability to "make judgments [o]n simple work-related decisions." *Id*. at *2. The ALJ did not weigh the examining physician's opinion but, nevertheless, found that the claimant could perform "simple, routine, competitive, low-stress, repetitive tasks on a sustained basis over a normal 8-hour workday in a stable work environment with no more than simple decision making required[.]" *Id*. at *3. On appeal, the claimant argued that the ALJ erred by not weighing the examining physician's opinion. *Id*. at *7. In so arguing, the claimant acknowledged that the RFC determination was similar to the examining physician's opinion. *Id*. However, the Claimant also argued that the ALJ's determination that the claimant could perform tasks that required "no more than simple decision-making" was inconsistent with the examining physician's opinion that the claimant is moderately limited in his "ability to make judgments on simple work-related decisions." *Id*. The district court disagreed and explained:

> To the extent there is any difference, which is debatable, it is of no consequence. Even with a moderate limitation in the ability to make simple work-related decisions, [the examining physician] said [the claimant] would be "able to function satisfactorily." If [the claimant] could function satisfactorily, then despite his impairment, he could still make simple work-related decisions.

*Id*. Therefore, the district court found that the claimant failed to identified any material difference between the examining physician's opinion and the RFC determination. *Id*.

Here, Dr. Trinidad opined that Claimant is moderately limited in her ability to understand and remember simple instructions, carry out simple instructions, and make judgments on simple

work-related decisions. R. 562. Thus, considering the definition of moderate contained in the form that Dr. Trinidad used to render his opinion, Dr. Trinidad, in fact, opined that Claimant has "more than a slight limitation" in her ability to understand and remember simple instructions, carry out simple instructions, and make judgments on simple work-related decisions, but she is nevertheless able to "satisfactorily" perform those same tasks. *Id*. Thus, similar to the situation in *Murphy*, if Claimant could satisfactorily understand and remember simple instructions, carry out simple instructions, and make judgments on simple work-related decisions, she could reasonably be found capable of performing simple, routine, and repetitive tasks. *See Murphy*, 2013 WL 4494122, at *7. Thus, the Court finds that the ALJ's determination that Claimant can perform simple, routine, and repetitive tasks adequately accounts for Dr. Trinidad's opinion that Claimant is moderately limited in her ability to understand and remember simple instructions, carry out simple instructions, and make judgments on simple work-related decisions. Indeed, Claimant has not cited any authority to the contrary. Therefore, the Court finds that the ALJ's determination that Claimant can perform simple, routine, and repetitive tasks is supported by substantial evidence and, as a result, rejects Claimant's first assignment of error.

**B. Credibility**

Claimant argues that the ALJ improperly considered Claimant's prior substance abuse in determining whether her testimony concerning her pain and limitations was credible. Doc. 19 at 16. Further, Claimant argues that her testimony about her pain and limitations is supported by the medical record. *Id*. at 17. Therefore, Claimant argues that the ALJ applied the wrong legal standard in considering Claimant's credibility and the ALJ's credibility determination is not supported by substantial evidence. *Id*.

The Commissioner argues that the ALJ did not consider Claimant's past substance abuse in determining whether her testimony concerning her pain and limitations was credible. *Id*. at 18-19. Further, the Commissioner argues that the ALJ articulated several reasons in support of her credibility determination and those reasons support the ALJ's determination that Claimant's testimony concerning her pain and limitation was not entirely credible. *Id*. Therefore, the Commissioner argues that the ALJ applied the correct legal standards in considering Claimant's credibility and the ALJ's credibility determination is supported by substantial evidence. *Id*. at 19.

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id*. at §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Id*. at 1562.

The ALJ summarized Claimant's testimony (R. 27) and found that "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *Id*. The ALJ then proceeded to discuss the record evidence and, in doing so, articulated several reasons in support of her credibility determination, including inconsistencies between Claimant's testimony and the objective medical evidence, *see, e.g.*, R. 28 (finding examinations revealing normal upper extremities with 5/5 strength and normal lower extremities to be inconsistent with Claimant's allegations concerning weakness) and Claimant's subjective reports, *see*, *e.g.*, R. 32 (noting that Claimant's testimony that she experiences dizziness is inconsistent with her denial of dizziness at a November 2015 consultative examination (R.565)). R. 28-33.

Claimant does not challenge the ALJ's reliance on the inconsistencies between Claimant's testimony and the medical evidence and her subjective reports. *See* Doc. 19 at 15-17. Thus, Claimant tacitly concedes that those reasons are supported by substantial evidence and support the ALJ's credibility determination. Further, notwithstanding Claimant's concession, those reasons tend to support the ALJ's credibility finding. For example, Claimant testified about weakness in her right upper extremity. R. 72-73. However, as the ALJ noted, physical examinations revealed normal upper extremities with 5/5 grip strength in each upper extremity. R. 27 (citing R. 534). As the ALJ found, such evidence is "inconsistent with the claimant's allegations of weakness." R. 27. Thus, the Court finds that the reasons the ALJ articulated in support of her credibility determination are supported by substantial evidence and support the ALJ's credibility determination. Further, those reasons, standing alone, are enough to support the ALJ's credibility

determination and, as a result, it is unnecessary to consider Claimant's arguments challenging other aspects of the ALJ's credibility determination.

Notwithstanding the foregoing, the Court finds Claimant's arguments challenging the ALJ's credibility determination unpersuasive. First, Claimant argues that "[i]t appears" that the ALJ relied on Claimant's long history of substance abuse to discredit her testimony. Doc. 19 at 16. The Court disagrees. The ALJ discussed Claimant's history of drug abuse and her testimony about her continued drug use, including her use of marijuana as an appetite stimulant. R. 31. The ALJ credited this testimony. R. 31-32. The ALJ then proceeded to state that while she did not condone Claimant's drug use, "the materiality of her drug abuse is not an issue." R. 32. Thus, there is nothing in the ALJ's decision that establishes that the ALJ discredited Claimant's testimony concerning her pain and limitations due to her drug abuse. To the contrary, the ALJ credited Claimant's testimony on the subject and found Claimant's drug abuse was not material to her claim for disability. *See* 42 U.S.C. § 423(d)(2)(C) (stating that a claimant will not be considered disabled if her substance abuse is a "contributing factor material to the Commissioner's determination that the individual is disabled."); *see also* 20 C.F.R. §§ 404.1535, 416.935 (outlining how the Commissioner determines whether a claimant's drug abuse is a contributing factor material to the disability determination).

Second, Claimant points to evidence that she claims supports her testimony, including evidence about "memory problems." Doc. 19 at 17. The ALJ, however, considered the evidence Claimant points to, including Dr. Trinidad's examination, and accounted for his opinions in the RFC determination. Further, even if the evidence Claimant cites to in support of her testimony preponderated against the ALJ's credibility determination (it does not), the Court must nevertheless affirm the ALJ's decision if it is supported by substantial evidence. *Bloodsworth*,

determination and, as a result, it is unnecessary to consider Claimant's arguments challenging other aspects of the ALJ's credibility determination.

Notwithstanding the foregoing, the Court finds Claimant's arguments challenging the ALJ's credibility determination unpersuasive. First, Claimant argues that "[i]t appears" that the ALJ relied on Claimant's long history of substance abuse to discredit her testimony. Doc. 19 at 16. The Court disagrees. The ALJ discussed Claimant's history of drug abuse and her testimony about her continued drug use, including her use of marijuana as an appetite stimulant. R. 31. The ALJ credited this testimony. R. 31-32. The ALJ then proceeded to state that while she did not condone Claimant's drug use, "the materiality of her drug abuse is not an issue." R. 32. Thus, there is nothing in the ALJ's decision that establishes that the ALJ discredited Claimant's testimony concerning her pain and limitations due to her drug abuse. To the contrary, the ALJ credited Claimant's testimony on the subject and found Claimant's drug abuse was not material to her claim for disability. *See* 42 U.S.C. § 423(d)(2)(C) (stating that a claimant will not be considered disabled if her substance abuse is a "contributing factor material to the Commissioner's determination that the individual is disabled."); *see also* 20 C.F.R. §§ 404.1535, 416.935 (outlining how the Commissioner determines whether a claimant's drug abuse is a contributing factor material to the disability determination).

Second, Claimant points to evidence that she claims supports her testimony, including evidence about "memory problems." Doc. 19 at 17. The ALJ, however, considered the evidence Claimant points to, including Dr. Trinidad's examination, and accounted for his opinions in the RFC determination. Further, even if the evidence Claimant cites to in support of her testimony preponderated against the ALJ's credibility determination (it does not), the Court must nevertheless affirm the ALJ's decision if it is supported by substantial evidence. *Bloodsworth*,

703 F.2d at 1239. Here, the Court found that the reasons the ALJ articulated in support of her credibility determination are supported by substantial evidence and support her credibility determination. *See supra* pp. 10-11. Thus, even if the Court found that the evidence Claimant cites preponderates against the ALJ's credibility determination, reversal is not warranted because the ALJ's credibility determination is supported by substantial evidence. *Foote*, 67 F.3d at 1558. Therefore, the Court rejects Claimant's second assignment of error.

V.     **Conclusion**

Accordingly, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**DONE** and **ORDERED** in Orlando, Florida on January 7, 2019.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Kelley Fitzgerald
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
Desoto Bldg., Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224